IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| WILLIAM RIVERA-TIRADO, CARMEN M. MARTINEZ TORRES ET AL. | * * | CIVIL NO. 06-1928(DRD) |
| Plaintiffs, | * | |
| v. | * | |
| AUTORIDAD DE ENERGIA ELECTRICA, JESUS R. ECHEVARRIA RIVERA, ET AL. | * * | |
| Defendants. | * | |
| _____ | * | |

AMENDED OPINION AND ORDER

The above captioned case constitutes a civil discrimination claim filed by a now retired employee[1], William Rivera Tirado and his wife Carmen M. Martínez, and the conjugal partnership formed amongst them, seeking reinstatement in a determined work shift and compensatory damages for age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621 et sec., and supplemental jurisdiction claims under the local Puerto Rican Law under Act 100 of June 20, 1959, Laws of PR Ann. Tit. 29 § 146 et sec., and local tort law under the Civil Code, Article 1802, Laws of PR Ann. Tit. 31 §5141. Plaintiff is hereinafter referred to as "Rivera."

Rivera claims discrimination due to age against his employer, the Puerto Rico Energy Authority, also known as Autoridad de Energía Eléctrica de Puerto Rico, hereinafter

---

[1] The plaintiff retired from employment on January 2008.

1

referred to as PREPA. Plaintiff also claims personal liability against his immediate supervisor Víctor M. Díaz Maldonado as District Engineer, hereinafter referred to as "Diaz," and his wife and the conjugal partnership and also against his higher supervisor Jesús Echevarría Rivera, hereinafter referred to as "Echevarría," his wife and the conjugal partnership between them, both of whom provided and approved respectively the order of transfer of plaintiff to an afternoon/night shift operation. Other unknown co-defendants are also incorporated as an unknown first, an insurance company providing coverage for illegal labor discrimination claims against its insured, PREPA. Second, an unknown corporations and/or natural persons, also responsible for the discriminative decision are also named.

I.

THE ADEA CLAIM AND THE POTENTIAL PERSONAL

CAUSE OF ACTION AGAINST SUPERVISOR OR EXECUTIVES.

The claim under ADEA is grounded on an alleged transfer of plaintiff from his regular shift of 7:30 a.m. to 4:00 p.m. to a shift from 1:30 p.m. to 10:00 p.m. Co-defendant Díaz notified the change to plaintiff on October 14, 2005, effective on November 20, 1995, when he was actually transferred to the night shift. Rivera alleges he is the oldest person in his position, 61 years old, as an operator of Heavy Equipment II. The other oldest employee is allegedly 50 years old. Rivera alleges that he was assigned the "light truck" at the night shift. Plaintiff alleges he was subject to ridicule, mental anguish distress and has also suffered loss of family time with his wife, (D. 1, Complaint §21-23). Rivera alleges that he is entitled to the remedies under ADEA and under Law 100 of 1959, Laws of PR Ann. Tit. 29 § 146 et sec. As to this cause of action the plaintiff alleges that he is "emotionally devastated." (D. 1 Complaint §26.) Plaintiff request reinstatement to his

2

position which is now moot since he retired from employment on January 2008. Rivera further requests compensatory damages in the amount of $500,000.00 and $200,000.00 to be doubled under Law 100 of 1959, P.R. Laws Ann. Tit. 29§ 146 et sec. **No allegations for lost wages or overtime are made in any paragraph of the complaint.** See Complaint, Docket No. 1 §24-30.

    A) Personal Liability under ADEA[2]

The First Circuit Court of Appeals recently determined that there is no personal liability under Title VII in the case of Fantini v. Salem State College, 557 F.3d 22, 28-32 (1st Cir. 2009)– the court notes the existence of jurisprudence that the analytical framework for ADEA discrimination was patterned after the framework for Title VII cases and the precedents are generally interchangeable. Hazel v. U.S. Postmaster General, 7 F.3d 1, 3-4 (1st Cir. 1993); Mesnick v. General Elec. Co., 950 F. 2d 816 (1st Cir. 1991). The framework being McDonald Douglas analysis of liability.

Notwithstanding, the matter of personal supervisory liability is patterned under the Fair Labor Standards Act as the enforcement sections of the ADEA are patterned after the Fair Labor Standards Act. Kimel v. Florida Board of Regents, 528 U.S. 62, 67-69 (2000) (holding that enforcement sections and coverage as to state employees of ADEA are patterned after the Fair Labor Standards Act, 29 U.S. 1938 (FLSA). "Section 626(b) [of ADEA] also permits aggrieved employees to enforce the act through certain provisions of the Fair Labor Standards Act of 1936 (FLSA), and the ADEA specifically incorporates § 16(b) of the FLSA, 29 U.S.C. § 216(b)."

---

[2] The instant order supplements our orders of September 20, 2007, D. 35 & 36, as to individual liability of co-defendants Echevarría and Díaz.

ADEA also incorporates the definition of employee of Fair Labor Standards Act to cover certain state employees and employers and to exclude others.

"Similarly ADEA incorporates the FLSA provision that employers shall be liable for amounts deemed unpaid minimum wages or overtime compensation while under Title VII, the availability is a matter of equitable discretion." Lorillard v. Pons 434 U.S. 575, 584 (1978) citing Albemarle Paper Co. V. Moody, 422 U.S. 405, 421 (1975).

Further:

 "The enforcement techniques provided by [the ADEA] are directly analogous to those available under the Fair Labor Standards Act; in fact [the ADEA] incorporates by reference, to the greatest extent possible, the provisions of the [FLSA]. Cong. Rec. 31254 (1967). And by directing that actions for lost wages under the ADEA be treated as actions for unpaid minimum wages or overtime compensation under the FLSA, § 7(b), 29 U.S.C. §626(b)."

Lorillard v. Pons, Id., (citing Congressional intent expressed by Senator Javits).

The employer liability to include supervisory employees stems from the definition of "Employer" at 29 U.S.C. 203(d) under the FLSA and under 29 U.S.C. 630(b) under the ADEA:

"(d) "Employer" include any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."
29 U.S.C. 203(d) [FLSA]

"(b) The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Provided, that prior to June 30,1968, employers having fewer than fifty employees shall not be considered employers. The term also means (1) **any agent** of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States." (Emphasis ours.)
29 U.S.C. 630(d).

4

The court follows the analysis of fellow former District Judge Héctor M. Laffitte in Flamand v. American Intern. Group, Inc., 876 F. Supp. 356, 362-364 (DPP 1994) in determining supervisory liability under ADEA as potentially using the FLSA model:

> "This court shall not rely on Title VII case law in its analysis of supervisor liability under ADEA, but rather shall turn to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., due to FLSA's similarity and special relationship to ADEA...
>
> In determining whether or not a supervisor is liable under ADEA as an "employer," courts must not lose sight of the statutory fact that violations of ADEA are considered violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, et seq., and that ADEA explicitly incorporates the remedial scheme set forth in sections 216(b)-(d) and 217 of FLSA. FLSA provides a cause of action against employers who violate within the employer-employee relationship and within the employment context, FLSA is a labor law, not a tort law. Therefore, ADEA's special relationship with FLSA underscores the actuality that ADEA is a labor law, a law dealing with employer-employee relationships, particularly as it pertains to enforcement and remedial actions."

Judge Laffitte concludes that there is no supervisory liability:

> "In sum, the tradition of ADEA rooted in FLSA, the context of the employer-employee relationship within which ADEA is embedded, and the language of the statute itself compel the conclusion that only the employee's employer may be liable under ADEA. In finding that supervisors are not liable under ADEA, the court need not venture into a discussion of whether said supervisors are liable in their official or personal capacity."

The undersigned slightly departs from Judge Laffitte considering there is a recognized exception to the supervisory liability under the FLSA that potentially may be adopted by the court under the ADEA. Said exception is well expressed in Elaine Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33-34 (1st Cir. 2007). The exception constitutes a "narrow"[3] exception "we narrowly determined that the FLSA did not preclude personal liability for

---

[3] The Circuit Court wanted above all to avoid a general exception "difficult to accept. . .that Congress intended that any corporate officer or other employee with ultimate operational control over payroll matters be personally liable" citing Donovan v. Agnew, 712 F.2d 1509, 1513 (1st Cir. 1983). The exception requires compliance with all the requirements set forth in the body of the instant Opinion and Order.

5

'corporate officers' with a significant owner interest who had **operational control of significant aspects** of the corporation's day to day functions, including compensation of employees and who personally made decisions to continue operations despite financial adversity during the period of non-payment," (emphasis ours). Id. at 34 citing Donovan v. Agnew, 712 F.2d 1509, 1514 (1st Cir. 1983) following Goldbergh v. Whitaker, 366 U.S. 28, 33 (1961). In Hotel Oasis the court confirmed FLSA personal liability. The court found personal liability on "the president of the corporation, [who] had the ultimate control over the business day to day operations. In particular it is undisputed that Lugo [the president and owner] was the corporate officer principally in charge of directing employment practices such as hiring, firing employees, requiring employees to attend meetings and setting employees' wages and schedules."[4]

In the instant case under ADEA should the court follow the Title VII analysis there is no supervisory liability following the model of Fantini v. Salem State College, 557 F.2d 28-32. The majority of other circuit courts have found that under the ADEA model that supervisors are liable only in "official capacity" or in their personal capacity only if the supervisor dominates or controls the "business day to day operations" as to employment, hiring, firings, wages and work schedules. See Federal Appellate cases cited at Flamand v. American Intern. Group, Inc., 876 F. Supp. at 362.

In the instant case following the holding of Hotel Oasis the two supervisors are not high corporate officials (president or vice-president), do not "control the business day to

---

[4] The court clarified that the supervisor does not have to be the "owner" to activate the "narrow" exception. Nevertheless managerial control of ["significant aspects of"] "directing employment" practices such as hiring, firing, requiring the employees to attend meetings must be met. Hotel Oasis, 493 F. 3d 34 Fn. 9 citing Agnew, 712 F.2d 1511.

6

day operations" nor are they corporate officials "**in charge of directing employment practices**" such as hiring and firing employees, requiring employees to attend meetings and setting wages and schedules." Hotel Oasis, 493 F. 3d at 34.

Further, there is no allegation in the complaint as to the two supervisors anywhere near the requirements of Hotel Oasis. At most there is only one allegation that personal defendant Díaz determined merely to change plaintiff's work schedule and Echevarría tolerated the change to the new work schedule. There is no allegation as to controlling the "business day to day operations" nor that they complied with "significantly directing the employment practices" such as hiring, firing, or . . . ordering meetings." The record contains evidence that plaintiff was a union member covered by a Collective Bargaining Agreement and hence the employment practices of pay, hiring and firing are in the course of business normally through the procedures set forth by the Collective Bargaining Agreement. Plaintiff, hence, falls far short of the threshold established at Hotel Oasis, 493 F.3d 34 as merely there is an allegation of transferring the plaintiff from a schedule of 7:30 a.m. to 4:00 p.m. to that of 1:30 p.m. to 10:00 p.m.

Hence, the court must determine that there is a total insufficiency of allegations to comply with the exception to supervisory liability should the Court of Appeals follow the FLSA "narrow exception."[5]

B) The Supplemental claims:

The federal law is clear that supplemental jurisdiction state claims may be added should there be existing federal claims in the complaint. 28 U.S.C. 1367.

---

[5] Should this court follow the model of under Title VII to ADEA claims no supervisory liability would follow under Fantini v. Salem State College, 557 F.2d 28-32.

In the instant case there are supplemental claims against the personal defendants, co-defendants Diaz and Echevarría, in their individual capacity under Law 100 of 1959, Laws of P.R. Ann. Tit. 29 § 146 et seq., and under the local tort law of the Civil Code, Article 1802, Laws of P.R. Ann. Tit. 31 § 5141.

The individual defendants are sued in their individual capacity under federal law and hence the supplemental claim is authorized. 28 U.S.C. 1367. However, as stated above in Section I (a) there is no individual liability in the instant case as the instant case under ADEA fails to reach the threshold under supervisory liability of the FLSA. Chao v. Hotel Oasis, Inc., 493 F.3d at 34[6]. Hence, pursuant to 28 U.S.C. § 1367(3) dismissal against co-defendants Echevarría and Diaz is warranted. "The district court may decline jurisdiction over a [supplemental] claim if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." This court has no longer any claim pending against co-defendants Echevarría and Diaz.

The court, therefore, posses jurisdiction to decline the supplemental state law claims of plaintiff against co-defendants Echevarría and Diaz under 28 U.S.C. 1367( c)(3). United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1986). "If the federal claims are dismissed before trial . . . the state claims shall be dismissed as well, "citing 383 U.S. 726, N. 9 Massachussetts Universalist Convention v. Hildreth and Rodgers Co., 183 F. 2d 497 (1st Cir. 1950). See also Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 N. 7 (1988). ". . . in the usual case in which all federal claims are eliminated before trial, the balance of

---

[6] Under Title VII analysis assuming that Title VII is used as a model under ADEA, there is simply no liability. Fantini v. Salem State College, 557 F.2d 28-32 (following all other cited circuits).

factors to be covered under pendent jurisdiction doctrine [now supplemental jurisdiction]– judicial economy, convenience fairness and comity– will point toward declining to exercise jurisdiction over the remaining state law claims."[7]

II.

COMPENSATORY DAMAGES NOT AVAILABLE

UNDER ADEA

"It is well established that the statute [ADEA] does not allow compensatory damages for pain and suffering." Collazo v. Nicholson, 535 F.3d 41, 44-45 (1st Cir. 2008).

Plaintiff under the Complaint at Docket No. 1 claims exclusively compensatory damages as to him, his wife and reinstatement to his position. However, reinstatement is moot as he has retired from employment in January 2008 (non-challenged statement as to retirement of plaintiff at Docket 57 p. 8).[8] Plaintiffs' other allegations are strictly compensatory damages for the transfer to the shift from 7:30 a.m. to 4:00 p.m. to the shift of 1:30 p.m. to 10:00 p.m. He was a heavy truck operator and became a "light" truck operator requiring no specialized training. He was "stripped from carrying out the significant and defining responsibilities" of his position as a heavy truck operator at times "he sat idle

---

[7] The court recognizes that plaintiff have a colorable case under local discrimination law against individual defendants pursuant to Laws of P.R. Ann. Tit. 29 § 146 et seq. See Keyla Rosario Toledo v. Distribuidora Kikuet, Inc. et al., 151 PRD 634 (2000) providing limited personal liability in discrimination cases under local law; meaning that plaintiffs' compensatory damages may be claimed in local court since they have duly tolled the statutory claims by the filing of the instant case.

[8] Wages and overtime or other work related statutory FLSA benefit is **not** claimed in the Complaint, D. 1.

9

during his shift" with two younger workers. He also claims loss of enjoyment time with his wife. Plaintiff claims an "adverse employment condition." Opposition to Summary Judgment, Docket No. 68 p. 5-6. **No wages or overtime are alleged to have been lost from November 20, 2005 until his retirement on January 2008.**

Defendants have both alleged as an affirmative defense that plaintiff has failed to state a claim upon which relief can be granted. (Docket No. 34, p. 5, Affirmative Defense No. 1, PREPA; Docket No. 37, p. 4, Affirmative Defense No. 1, Diaz and Echevarría.)

The First Circuit Court of Appeals has squarely determined that under ADEA following FLSA principles there are no compensatory damages available citing Supreme Court precedent. Collazo v. Nicholson, 535 F. 3d 41, 44-45 (1st Cir. 2008), citing Comm'r of Internal Revenue v. Schleier, 515 U.S. 323, 326 (1995) (noting unanimity of all circuits and following FLSA principles as to the remedy under ADEA "more importantly for respondents purposes the ADEA incorporates FLSA provisions that permit the recovery of wages lost and an additional equal amount of liquidated damages." citing Comm'r of Internal Revenue v. Schleier, 515 U.S. at 326.

Collazo v. Nicholson, 535 F.3d at 44-45 squarely and unequivocally reiterates the prior holdings of Rivera Rodríguez v. Frito Lay Snacks Carribbean, 265 F.3d 15, 24 (1st Cir. 2001) and Vázquez v. Eastern Air Lines, Inc. 579 F. 2d 107, 109 (1st Cir. 1978) holding that "it is well established that the statute does not allow compensatory damages for pain and suffering."

Since the instant case currently request by the allegations of the complaint exclusively compensatory damages, plaintiff fails to comply with one of the two elements

required under an age discrimination complaint, that he "suffered an adverse job action, that was motivated by age, and that he suffered injury as a result of it." Collazo v. Nicholson, 535 F.3d at 44 citing Meléndez Arroyo v. Cutter Hammer de P.R. Co. Inc., 273 F. 3d 30, 33 (1st Cir. 2001); Hoffman v. Applicators Sales and Service, Inc., 439 F. 3d 9, 17 (1st Cir. 2006). Plaintiff fails in providing "an injury" covered by a remedy under the statute.

Hence, Rivera's damages claims of "mental anguish, pain, suffering, humiliation and loss enjoyment" are all specifically excluded in the case of Collazo v. Nicholson, 535 F.3d at 44 as compensatory damages. The case specifically allows exclusively "unpaid wages and overtime" compensation resulting from the adverse employment action. Collazo v. Nicholson, 535 F.3d at 45 citing Kolb v. Goldring, Inc., 694 F.2d 869, 872 (1st Cir. 1982) founded on McKennon v. Nashville Banner Pub. Co., 513 U.S. 352 at 357 (1995).

Hence, any claim against the employer, Puerto Rico Power Authority and/or supervisors E chevarría and Diaz for compensatory damages are barred as unavailable under ADEA. Therefore, for this reason, independent from the lack of reaching the threshold for personal liability under "significant aspects the corporations day to day functions . . . such as hiring, firing employees, requiring employees to attend meetings and setting employees wages and schedules" as to Echevarría and Diaz, the federal ADEA complaint must be entirely DISMISSED. The supplemental claims are dismissed without prejudice.

**IT IS SO ORDERED**.

At San Juan, Puerto Rico, this 1st day of September 2009.

s/ Daniel R. Domínguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**